JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SCHEIE HUTCHINSON

## DEFENDANTS

DETECTIVE LEO SPAEDER c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT and LIEUTENANT WILLIAMS c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT and POLICE OFFICER DiLORENZO, c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT and DETECTIVE SAWICKI, c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT and DETECTIVE THOMAS, c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT and DETECTIVE BLACK, c/o UNIVERSITY OF PENNSYLVANIA POLICE DEPT

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey R. Lessin, Esquire, 1515 Market Street, Ste. 714, Phila, PA 19102
215 599 1400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐X 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- X 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC Section 1983

Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ >100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD | | | |
|------|---------------------------------|---|---|---|
| 05/12/2016 | | | | |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:___ c/o Jeffrey R. Lessin & Associates, P.C., 1515 Market Street, Suite 714, Philadelphia, PA 19102

Address of Defendant:___ c/o 4040 Chestnut Street Philadelphia, PA 19104

Place of Accident, Incident or Transaction:_____ Philadelphia, PA
        *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No X

Does this case involve multidistrict litigation possibilities?     No.          Yes☐  No☐
*RELATED CASE, IF ANY:*
Case Number: _____ N/A _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                   Yes☐  No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                   Yes☐  No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I,___ JEFFREY R. LESSIN _____, counsel of record do hereby certify:
  X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.
DATE:___ 5-12-2016 _____    Jeffrey R. Lessin, Esquire _____    43801 _____
                       Attorney-at-Law                 Attorney I.D.#
         **NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE:___ 5-12-2016 _____                           43801 _____
                       Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SCHEIE HUTCHINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DETECTIVE LEO SPAEDER, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| May 12, 2016 | Jeffrey R. Lessin, Esquire | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| | | |
| (215) 599-1400 | (215) 599-0120 | J.Lessin@lessinlaw.com |
| | | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCHEIE HUTCHINSON** : | |
| **1226 N. 59th Street** : | |
| **Philadelphia, PA 19151** : | **CIVIL ACTION** |
| **Plaintiff,** : | **NO.** |
| **v.** : | |
| **DETECTIVE LEO SPAEDER, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **and** : | |
| **LIEUTENANT WILLIAMS, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **and** : | |
| **POLICE OFFICER DiLORENZO, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **and** : | |
| **DETECTIVE SAWICKI, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **and** : | |
| **DETECTIVE THOMAS, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **and** : | |
| **DETECTIVE BLACK, c/o** : | |
| **University of Pennsylvania Police Dep't** : | |
| **4040 Chestnut Street** : | |
| **Philadelphia, PA 19104,** : | |
| **Defendants.** : | |

## COMPLAINT

Plaintiff, **SCHEIE HUTCHINSON**, by and  through his undersigned counsel, Jeffrey

R. Lessin & Associates, P.C., files this Complaint and sues Defendants, **DETECTIVE LEO**

SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS and DETECTIVE BLACK, and allege:

## INTRODUCTION

1.      This is an action at law for damages sustained by a citizen of the United States against a individuals, police officers employees by the University of Pennsylvania.

2.      On Wednesday, September 16, 2015, Plaintiff **SCHEIE HUTCHINSON**, was wrongfully seized, detained, and arrested jailed by Defendants, **DETECTIVE LEO SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS** and **DETECTIVE BLACK** individually, who were University of Pennsylvania police officers. Said officers wrongfully seized, detained, and arrested Plaintiff **SCHEIE HUTCHINSON** in violation of the Fourth Amendment of the United States Constitution.

3.      Further, at all times relevant hereto, the aforementioned officer Defendants were uniformed, on-duty police officers and employees of the Police Department of the University of Pennsylvania, and were thus acting under color of state law by virtue thereof.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked under 28 U.S.C. §§1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States.

5.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

6.     Venue is properly placed in the Unites States District Court of the Eastern District of Pennsylvania as it is where all parties reside, or have offices and business addresses, and where the illegal events complained of all occurred.

## PARTIES

7.     Plaintiff **SCHEIE HUTCHINSON**  is an individual, and at all times relevant hereto resides in Philadelphia, Pennsylvania.

8.     Defendants **DETECTIVE LEO SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS** and **DETECTIVE BLACK** are adult individuals, duly appointed and at all times relevant hereto acting as an officers of the law in the in the **CITY OF PHILADELPHIA** Police Department. They are being sued in their individual capacities for money damages.

## FACTUAL ALLEGATIONS

9.     On Wednesday, September 16, 2015, Plaintiff **SCHEIE HUTCHINSON** , was wrongfully seized, detained, and arrested from his home by University of Pennsylvania police officers, namely, **DETECTIVE LEO SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS** and/or **DETECTIVE BLACK.** Said Defendants wrongfully seized, detained, and arrested Plaintiff **SCHEIE HUTCHINSON** in violation of the Fourth Amendment of the United States Constitution.

10.     The said false arrest was due to accusations by Defendants that Plaintiff had

3

stolen a woman's bag from a gym facility on the campus of the University of Pennsylvania's campus.

11.    There was surveillance video from the said gym facility that showed that Plaintiff clearly did not steal the said woman's bag.

12.    The Defendants knew and/ should have known that Plaintiff did not steal the said woman's bag because they viewed said video before the false arrest..

13.    Plaintiff **SCHEIE HUTCHINSON** did not commit any such crime, and there was no probable cause that he committed any such or similar crime at any time relevant hereto.

14.    The Defendant officers did not have probable cause to arrest Plaintiff **SCHEIE HUTCHINSON** for any such crime.

15.    Nonetheless, the Defendant police officers wrongfully seized, detained, and arrested Plaintiff  **SCHEIE HUTCHINSON**  in violation of the Fourth Amendment of the United States Constitution.

16    The Defendant officers knew, at all times relevant hereto, that Plaintiff **SCHEIE HUTCHINSON** had committed no crime and had done nothing to provoke or justify such an outrageous violation of her rights by Defendants.

17.    There was no probable cause or reasonable suspicion to believe that Plaintiff **SCHEIE HUTCHINSON**  had committed any crime at any time relevant hereto.

18.    Said Defendant police officers intentionally violated the Constitutional rights of Plaintiff  **SCHEIE HUTCHINSON**, and intentionally seized, detained, and arrested Plaintiff  **SCHEIE HUTCHINSON**  in a malicious attempt to violate his civil rights.Said

4

Defendants forced Plaintiff out of his bedroom at gunpoint, when Plaintiff was in his underwear, and made him sit it in the living room in front of his sisters. Then the said Defendants forcibly watched him get dressed and marched him outside in front of Plaintiff's neighbors, and searched Plaintiff even though they had already watched him get dressed and knew he had no weapon. Then said Defendants forced Plaintiff to go down to the police station with them against his will.

19. By this complaint, Plaintiff **SCHEIE HUTCHINSON** seeks judicial redress for violation of his civil rights.

20. Plaintiff brings this claim pursuant to 42 U.S.C. §1983 seeking monetary relief for violation of the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States. Plaintiff also seeks damages under Pennsylvania tort law.

21. At all times pertinent hereto, the Defendant officers, each of them, through conduct sanctioned under color of state law, statute, University of Pennsylvania rules, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to Plaintiff **SCHEIE HUTCHINSON**, depriving him of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and Commonwealth of Pennsylvania.

22. As a result of the reckless, outrageous and intentional misconduct of the Defendant officers,, Plaintiff **SCHEIE HUTCHINSON** suffered an unconstitutional deprivation of liberty, and a violation of his Fourth Amendment right to remain free of

5

unreasonable searches and seizures. He has in the past and will in the future undergo mental stress and suffering, all to his detriment and loss. As a further result of the constitutional violations in this case, Plaintiff **SCHEIE HUTCHINSON** suffered the following injuries and damages: violation of his rights under the Fourth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment; and emotional trauma, humiliation and distress.

23. As a result of the aforesaid occurrence, Plaintiff **SCHEIE HUTCHINSON** has mental anguish, embarrassment, humiliation, psychological pain and damage to his personal reputation.

**COUNT I**
**PLAINTIFF v. DEFENDANTS**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**FOURTH AMENDMENT-UNLAWFUL SEIZURE/FALSE ARREST/FALSE**
**IMPRISONMENT**

24. Plaintiff **SCHEIE HUTCHINSON** incorporates all her previous allegations herein as though set forth fully and at length.

25. The Defendant officers' actions detailed herein constitute an unlawful seizure and/or false arrest, and/or false imprisonment. These acts are violations of the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff **SCHEIE HUTCHINSON** demands compensatory damages against the Defendants **DETECTIVE LEO SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS** and/or **DETECTIVE BLACK**, individually, in an amount in excess of Ten Thousand ($10,000.00)

and further demands punitive damages against the said Defendants, A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff also demands a trial by jury.

## COUNT II
## PLAINTIFF v. DEFENDANTS
## SUPPLEMENTAL STATE CLAIMS

26.    Plaintiff **SCHEIE HUTCHINSON** incorporates all her previous allegations herein as though set forth fully and at length.

37.    The acts and conduct of the Defendant police officers in this case constitute unlawful seizure and/or false arrest, and/or false imprisonment under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Plaintiff **SCHEIE HUTCHINSON** demands compensatory damages against the Defendants **DETECTIVE LEO SPAEDER, LIEUTENANT WILLIAMS, POLICE OFFICER DiLORENZO, DETECTIVE SAWICKI, DETECTIVE THOMAS** and/or **DETECTIVE BLACK**, individually, in an amount in excess of Ten Thousand ($10,000.00) and further demands punitive damages against the said Defendants, A demand is also made for costs, and such other relief as the Court deems just, proper and equitable. Plaintiff also demands a trial by jury.

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY: _____

JEFFREY R. LESSIN, ESQUIRE
I.D. No.43801
MARK T. RICHTER, ESQUIRE

7

I.D. Nos.45195
**Attorneys for Plaintiffs**
**1515 Market Street, Suite 714**
**Philadelphia, PA 19102**
**215-599-1400**

May 12, 2016