## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Scheie Hutchinson | : | |
| Plaintiffs | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| Detective Leo Spaeder, et al. | : | **No. 16-2322** |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF, SCHEIE HUTCHINSON'S, COMPLAINT WITH AFFIRMATIVE DEFENSES</u>

**AND NOW COMES** defendants, Detective Leo Spaeder, Lieutenant Williams, Police Officer DiLorenzo, Detective Sawicki, Detective Thomas, Detective Black (collectively referred to herein as "Defendants") and file this Answer to the plaintiff, Scheie Hutchinson's ("Plaintiff"), Complaint with Affirmative Defenses and in support thereof state as follows:

## <u>INTRODUCTION</u>

1.      Admitted in part; denied in part.  Defendants admit only that Plaintiff purports to bring this action for damages allegedly sustained because of a lawful investigation and detention. By way of further response, Defendants deny that they engaged in any wrongful conduct and at all times relevant to Plaintiff's Complaint acted lawfully. Denied.  At all times relevant hereto, Penn treated Plaintiff fairly and lawfully and any employment actions, adverse or not, were lawful and related to a legitimate business decision and not because of discrimination, harassment or retaliation.  By way of further response, Penn is without knowledge or information sufficient to form a belief as to the truth of the averments concerning Plaintiff's injuries or damages.

2.      Admitted in part.  Denied in part.  It is admitted only that on September 16, 2015 as part of an execution of a lawful search warrant (#191603), Plaintiff's premises at 1226 N. 59th Street was searched.  It is specifically denied that Defendants' conduct violated any of Plaintiff's rights. Rather, Plaintiff was briefly detained in relation to the search warrant. After an interview related to the search warrant, Plaintiff's brief detention ended.

3.      Denied as stated.  The allegations in this paragraph contain conclusions of law to which no response is required.  To the extent that a response to is required, Defendants state that they were on-duty police officers and employees of The Trustees of the University of Pennsylvania ("Penn").

## JURISDICTION AND VENUE

4.      Denied.  Defendants deny that Plaintiff was deprived of any civil rights, and Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

5.      Denied.  The statements in this paragraph are conclusions of law to which no response is required.

6.      Denied.  Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

2

## PARTIES

7.      Admitted.  Upon information and belief, Plaintiff is an adult individual who presently resides at the address as referenced in this paragraph

8.      Admitted in part.  Denied in part.  Defendants admit only that they are HUP is an operating division of the Trustees of the University of Pennsylvania, and therefore, HUP is not a properly named defendant in this action.

## FACTUAL BACKGROUND

9.      Admitted in part.  Denied in part.  It is admitted only that on September 16, 2015 as part of an execution of a lawful search warrant (#191603), Plaintiff's premises at 1226 N. 59th Street was searched.  It is specifically denied that Defendants' conduct violated any of Plaintiff's rights.  Rather, Plaintiff was briefly detained in relation to the search warrant.  After an interview related to the search warrant, Plaintiff's brief detention ended.

10.     Denied as stated.  It is specifically denied that Plaintiff's detention was unlawful.  Plaintiff was lawfully questioned as part of an investigation of a missing gym bag that was allegedly taken from a locker inside Pottruck Gym located on Penn's campus.

11.     Denied as stated.  As part of the investigation into the missing gym bag, Detective Spaeder viewed surveillance video of Pottruck Gym showing the Plaintiff exiting the gym at or around the time that the gym bag was reported missing.

12.     Denied.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of

law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag, including reviewing the surveillance video.

13.     Denied as stated.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag and that all their actions were lawful.  Defendants acted pursuant to a lawfully issued search warrant based upon proper information and an investigation.  Plaintiff was properly and lawfully questioned as part of the investigation. At no time did Defendants' conduct violate Plaintiff's rights.

14.     Denied.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag.  Defendants had probable cause to have the search warrant issued and questioned Plaintiff as part of their investigation into the missing gym bag.

15.     Denied.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag.  Defendants had probable cause to

have the search warrant issued and questioned Plaintiff as part of their investigation into the missing gym bag. At no time did Defendants' conduct violate Plaintiff's rights.

16.     Denied.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag. At no time did Defendants' conduct violate Plaintiff's rights.

17.      Denied.  The statements contained in this paragraph are conclusions of law to which no response is required.  To the extent that they are not conclusions of law, Defendants state that they acted reasonably under the circumstances during their investigation of the report of the missing gym bag.  Defendants had probable cause to have the search warrant issued and questioned Plaintiff as part of their investigation into the missing gym bag. At no time did Defendants' conduct violate Plaintiff's rights.

18.     Denied as stated.  It is admitted that Defendants properly executed a search warrant as part of their investigation.  It is further admitted that Defendants questioned Plaintiff at their police headquarters and after questioning him, Defendants returned Plaintiff to his residence.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  Denied.

19.     Denied.  Defendants deny that Plaintiff was deprived of any civil rights, and Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

20.     Denied.  Defendants deny that Plaintiff was deprived of any civil rights, and Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

21.     Denied.  Defendants deny that Plaintiff was deprived of any civil rights, and Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief.  The remaining allegations in this paragraph contain conclusions of law to which no response is required.

22.     Denied.  Defendants deny that Plaintiff was deprived of any civil rights, and Defendants deny that any acts or omissions of Defendants give rise to the claims set forth in the Complaint or that Plaintiff is entitled to relief. Defendants acted reasonably under the circumstances during the execution of a lawfully issued search warrant and as part of their investigation of a report of a stolen gym bag. It is denied that Plaintiff has suffered any injuries or damages because of the alleged conduct and strict proof of same is demanded at the time of trial.

23.     Denied.  Defendants demand strict proof of Plaintiff's purported damages at the time of trial.

## COUNT I

### Federal Civil Rights Violations Fourth Amendment-Unlawful Seizure/False Arrest/False Imprisonment

24.     Defendants incorporate their responses to paragraphs 1 through 23 as if fully set forth herein in their entirety.

25.     Denied.

6

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, including all costs and attorney's fees permitted by law.

## COUNT II

### Federal Civil Rights Violations Fourth Amendment-Unlawful Seizure/False Arrest/False Imprisonment

26.    Denied.

27.    (sic) Denied.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, including all costs and attorney's fees permitted by law.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

At all times relevant to the conduct complained of herein by Plaintiff, Defendants' conduct was lawful and permissible.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for monetary relief is barred to the extent that he has failed to mitigate he damages or suffered no damages.

## THIRD AFFIRMATIVE DEFENSE

The conduct alleged by Plaintiff was not intentional, willful, malicious, callous, shocking of the conscious or reckless on the part of Defendants in violation of Plaintiff's Constitutional rights.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the conduct complained of herein by Plaintiff, Defendants acted lawfully and based upon a lawfully issued subpoena.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages and losses were caused in whole or in part by Plaintiff's own acts, omissions and/or by the conduct of parties other than Penn, about which Penn had no prior knowledge and for which Penn is not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are without any reasonable basis in law or in equity, and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

## NINTH AFFIRMATIVE DEFENSE

Any harm, damages or losses sustained by Plaintiff, if any, was not the result of any action or inaction of Penn.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: <u>September 27, 2016</u>                    <u>/s/ JHT2465</u>

By:   Joe H. Tucker, Jr., Esquire
        Ten Penn Center, Suite 2500
        1801 Market Street
        Philadelphia, PA 19103
        **Attorneys for All Defendants**

## CERTIFICATE OF SERVICE

I, Joe H. Tucker, Jr., Esquire hereby certify that on the below date that a true and correct copy of the foregoing Defendants, Answer to Plaintiff, Scheie Hutchinson's Complaint with Affirmative Defenses was filed electronically and is available for viewing and downloading from the ECF system by the following:

Jeffrey R. Lessin, Esquire
Mark T. Richter, Esquire
1515 Market Street, Suite 714
Philadelphia, PA 19102

Dated: September 26, 2016          BY:     /s/ JHT2465
                                                Joe H. Tucker, Jr., Esquire